DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7332
    FAX: (415) 436-7027
    Molly.Priedeman@usdoj.gov

Attorneys for United States of America

FILED
JAN 23 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:20-mj-70047 MAG |
| Plaintiff, | MOTION TO SEAL AND [~~PROPOSED~~] ORDER |
| v. | |
| ALEJANDRO ALVAREZ, | [~~UNDER SEAL~~] |
| Defendant. | |

The United States hereby moves the Court for an order sealing this Motion, the Complaint, the Arrest Warrant, and this Sealing Order until further order of the Court. Disclosure of the existence of the Complaint and Arrest Warrant may cause the subject of the Complaint to flee, destroy evidence or conceal on-going criminal activity, jeopardizing the progress of the ongoing investigation and the arrest of the defendant.

Accordingly, the United States requests that the Court seal these documents, except that the Clerk of Court shall provide copies of the sealed documents to employees of the United States Attorney's Office. The United States Attorney's Office is permitted to share these documents as necessary with counsel for the subject of the Indictment and with agents of the Bureau of Alcohol,

MOT. TO SEAL AND [PROP.] ORDER

Tobacco, Firearms and Explosives (ATF), and other law enforcement officers.

DATED: January 22, 2020

Respectfully Submitted,
DAVID L. ANDERSON
United States Attorney

_____
MOLLY K. PRIEDEMAN
Assistant United States Attorney

## ORDER

Based upon the motion of the government and for good cause shown, IT IS HEREBY ORDERED that the government's Motion to Seal, Indictment, Arrest Warrants, this Sealing Order, and other related documents in this case shall be sealed until further order of the Court. A copy of the Indictment and Arrest Warrants shall be provided to agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), other law enforcement, and employees of the United States Attorney's Office, and the Indictment and Arrest Warrants may be disclosed to federal agents and other law enforcement officers in order to effectuate the arrest of the defendants.

DATED: 1-22-20

_____
HON. SALLIE KIM
United States Magistrate Judge

MOT. TO SEAL AND [PROP.] ORDER

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Alejandro Alvarez<br><br>_____<br>Defendant | )<br>)<br>)  Case No.<br>)<br>)<br>)  3 20 70047  MAG<br>) |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Alejandro Alvarez                                                                                        ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☑ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:
21 U.S.C. 841(a)(1) and (b)(1)(A) - Possession with Intent to Distribute Methamphetamine


Date:   1/22/20   ~~04/17/2020~~                                                  _____/s/_____
                                                                                                 *Issuing officer's signature*

City and state:   San Francisco, California                             Hon. Sallie Kim, Magistrate Judge
                                                                                                 *Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____                                                    _____
                                                                                                 *Arresting officer's signature*

                                                                                                 _____
                                                                                                 *Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>Alejandro Alvarez<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.<br><br>3-20-70047 |

**FILED**
JAN 22 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 1, 2017__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1),(b)(1)(A) | Possession with the intent to distribute methamphetamine |

This criminal complaint is based on these facts:

See attached affidavit of Drug Enforcement Administration Task Force Officer Michael Tursi.

☑ Continued on the attached sheet.

Approved as to form ___/s/___
AUSA Molly Priedeman

_____
Complainant's signature

Michael Tursi/DEA TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-22-20

_____
Judge's signature

City and state: San Francisco, CA

Hon. Sallie Kim, Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Michael E. Tursi, a deputized Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), currently assigned to the San Francisco Divisional Office, in California, being duly sworn, depose and state:

### I. INTRODUCTION AND PURPOSE OF APPLICATION

1.  I make this affidavit in support of an application for a criminal complaint charging Alejandro ALVAREZ ("ALVAREZ") with a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), possession with intent to distribute 500 grams or more of a mixture of substance containing methamphetamine, a Schedule II controlled substance, on or about November 1, 2017, in the Northern District of California ("Target Offense").

2.  The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience. I believe these sources to be reliable. The reliability of the confidential source involved in the instant investigation is addressed separately below.

3.  Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation. This affidavit is based on my current understanding of the evidence, and may evolve as I learn additional information.

### II. AFFIANT EXPERIENCE AND BACKGROUND OF INVESTIGATION

4.  I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

5.  I am a sworn Peace Officer for the State of California, and have been so employed

since October 2006. I received formal training at the San Francisco Police Academy. Currently, I am employed by the San Francisco Police Department ("SFPD"), and I am a deputized TFO with the DEA. As a TFO, I am currently assigned to the DEA's San Francisco Divisional Office in California.

6. From May 2007 to January 2011, I was assigned to the Patrol Division, where my duties included responding to calls for service related to all manner of crimes, including robberies, burglaries, sexual assaults, thefts, assaults and homicides. From January 2011 to March 2011, I was assigned to the Violence Reduction Team. This team was a City Wide Enforcement Team in San Francisco that focused on the use and sales of narcotics, illegal possession of firearms, robberies, and the prevention of other violent criminal activity. From March 2011 to March 2016, I was assigned to the Northern Station Street Crimes Unit working in a plain-clothes under cover capacity. The Street Crimes Unit focused our investigations into the sales of narcotics, illegal possession of firearms, robberies, gang activity and the prevention of other violent criminal activity. From April 2016 to present, I have been assigned to the San Francisco Narcotics Unit. During this time, I have investigated street-level, mid-level, and high level narcotics traffickers within San Francisco and the Bay Area.

7. During the course of my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses related to this current investigation. I have spoken to hundreds of victims, witnesses, and suspects who have been involved with crimes ranging from the transportation and the distribution of narcotics, to assaults and homicides. I have been involved in excess of five hundred investigations and arrests. I have been involved with hundreds of surveillance operations involving crime suppression and criminal suspects. I have authored numerous search warrants for the San Francisco Police Department. I have been involved with hundreds of search warrants and operations resulting from search warrants in the City of San Francisco and the surrounding areas.

8. Through my years of experience and my training, I have become familiar with the terminology used by various types of criminals. Relevant here, I have become familiar with the

TURSI AFF. IN SUPPORT OF CRIMINAL COMP.
[UNDER SEAL]

2

packaging and preparation of narcotics, drug quantities, methods of operation, and security measures often employed by drug traffickers. I have examined documentation of various methods in which illicit drugs are smuggled, transported, and distributed. Throughout these investigations, I have also gained expertise in the use of a variety of law enforcement techniques, including the use of confidential sources and undercover agents, surveillance techniques, and various other types of electronic techniques.

### III. RELEVANT STATUTES

9. Pursuant to Title 21, United States Code, Sections 841(a)(1),(b)(1)(A) it is unlawful for any person to "knowingly or intentionally ... manufacture, distribute or dispense, or possess with the intent to manufacture, distribute, or dispense" "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers."

### IV. FACTS ESTABLISHING PROBABLE CAUSE

#### A. Background: Overview of Investigation

10. As set forth below, there is probable cause to believe that ALVAREZ committed the Target Offense by possessing with intent to distribute methamphetamine; SFPD executed a search warrant at ALVAREZ's residence in San Francisco and discovered approximately 26,000 grams of a mixture and substance containing methamphetamine in his bedroom.

11. In late 2017, the SFPD and DEA began investigating ALVAREZ after a Confidential Source ("CS-1")[1] provided information to investigators that he/she had previously

---

[1] CS-1 began cooperating with SFPD in late 2017. CS-1 began working with SFPD after he/she was caught in possession of narcotics. He/she immediately began working with law enforcement officers in consideration of any pretrial charges. CS-1 was ultimately not charged and began working for compensation. Since then, CS-1 has assisted SFPD on multiple investigations into possession for sales of controlled substances that have resulted in arrests. In each of those instances, CS-1 provided information which we corroborated with contemporaneous surveillance. A review of CS-1's criminal history shows the following convictions: A DUI and driving without a license convictions over ten years ago and possession of a controlled substance for sale in 2018. The possession of a controlled substance conviction stemmed from an arrest in 2015 after he was found with methamphetamine and heroin. As part of his consideration for his work with SFPD beginning in 2017, he agreed to plead guilty to the 2015 charges in 2018 but received no

TURSI AFF. IN SUPPORT OF CRIMINAL COMP.
[UNDER SEAL]

3

purchased drugs from a subject, known as "Chewy." CS-1 showed investigators text messages which corroborated the information he provided. CS-1 further reported "Chewy" sold heroin and methamphetamine. As detailed below, "Chewy" was subsequently identified as Alejandro ALVAREZ.

B. **August – October 2017: Controlled Drug Buys from ALAVAREZ**

12. After CS-1 provided investigators with background information related to "Chewy," SFPD and DEA investigators directed CS-1 to contact ALVAREZ to arrange a drug deal. At their direction and in the presence of investigators, CS-1 telephoned ALVAREZ to arrange for the purchase of heroin. CS-1 arranged three drug purchases via ALVAREZ between August and October of 2017. During these calls, ALVAREZ agreed to sell heroin to CS-1 and provided CS-1 with instructions as to where to meet to receive the ordered drugs and ALVAREZ selected a meeting location with the Northern District of California. Following the calls, CS-1 went to the location selected by ALVAREZ and met with an unknown male, who delivered the suspected contraband.[2] Law enforcement conducted surveillance during each of these drug transactions and observed the same unknown male arrive and meet with CS-1. After their meetings, law enforcement obtained the purchased contraband and confirmed via presumptive tests that the obtained substances contained heroin. Based on my training and experience, I know that drug traffickers often operate as part of a larger network and, in many instances, will use "runners" or couriers to deliver drugs to their customers. The "courier" often functions to insulate the dealer from the transaction.

C. **SFPD Identifies ALVAREZ and his Residence via Cellphone Data**

13. On or about October 18, 2017, SFPD began receiving geographic location data for ALVAREZ's cellphone pursuant to a state search warrant, the warrant pertains to one of the cell phones that CS-1 used to communicate with ALVAREZ at the direction of law enforcement

---

probation.
[2] Per information previously relayed to investigators by CS-1, ALVAREZ personally delivered drugs to CS-1 during their initial drug transaction, but thereafter sent an unknown male to deliver the drugs.

TURSI AFF. IN SUPPORT OF CRIMINAL COMP.
[UNDER SEAL]

4

during two of the three above-described controlled buys. I monitored the data for several days and observed that ALVAREZ was most consistently located in the area of Clipper Street and Sanchez Street in San Francisco. I recognized the multi-unit apartment building in that area from a narcotics investigation that I participated in approximately 2013 where we executed a search warrant and found distribution quantity drugs. I spoke with the case agent for that investigation and he informed me that the target location for that investigation was 1253 Sanchez Street. Per my surveillance work in the instant case, I know that this address number pertains to one of the units within the multi-unit building.

14. On or about October 24, 2017, another officer and I set up surveillance in the area of Clipper Street and Sanchez Street in an effort to identify and physically observe ALVAREZ, the suspected user of the cellular device. While conducting surveillance, I saw a male exit the front door of 1253 Sanchez Street and use keys to lock the front door. Based on the physical description provided by CS-1 and the location data obtained via the state warrant, I suspected this male to be ALVAREZ. As the male was walking in the area, I used my cellphone to call the number for which I was receiving geographic locations pursuant to the warrant. After I dialed the number, I observed the male reach into his pocket, removed a cell phone, and I heard him say, "hello" through my cellphone. Based on my observations, I determined the observed male was likely ALVAREZ. To further confirm my suspicions, we took a photo of the male and later showed it to CS-1. CS-1 then positively identified the male as the individual that he/she knew as "Chewy," a/k/a ALVAREZ.

**D.   SFPD Executed a Search Warrant at ALVAREZ's Residence and Seized Methamphetamine, Heroin, and Cocaine**

15. Following the above-described investigation, I obtained a state search warrant for ALVAREZ's suspected residence at 1253 Sanchez Street. On November 1, 2017, investigators executed the search warrant and arrested ALVAREZ as he departed from 1253 Sanchez Street. A search of ALVAREZ's person revealed approximately 200 grams (gross weight) of methamphetamine. During a search incident to arrest, I seized two cell phones and two keys

from ALVAREZ.

16. During a subsequent search of ALVAREZ's bedroom[3] at 1253 Sanchez Street, officers found and seized multiple controlled substances, which were field tested and presumptively determined to be approximately 26,000 grams (gross weight) of a mixture and substance containing methamphetamine, 1,806 grams (gross weight) of heroin, and 35 grams (gross weight) of cocaine. SFPD also found $46,066.00 in United States currency, indicia in ALVAREZ's name, and photos of ALVAREZ, as well as pay/owe sheets and digital scales. Based on my training and experience, a "pay-owe" sheet is a record-keeping document used by drug dealers to record money owed by their customers, debts to their suppliers, and/or drug quantities possessed or sold.

17. Based on my training and experience, I believe the methamphetamine possessed by ALVAREZ and found in his bedroom was meant for distribution because of the total weight, the pay/owe sheets, the digital scales, and the large amount of cash. Based on my training and experience, I know that narcotics dealers use scales to cut down large quantities of narcotics to small quantities for street level distribution. I also know that narcotics dealers use pay/owe sheets to keep track of their sales. In addition, in my experience, the amount of methamphetamine possessed by ALVAREZ far exceeds the amount of methamphetamine you would expect an individual user to possess. Based on my training and experience, I would estimate the approximate street value of the methamphetamine seized to be $200,000 or more.

V. **CONCLUSION**

18. Based on the foregoing evidence, there is probable cause to believe that beginning on or about November 1, 2017, Alejandro ALVAREZ knowingly possessed methamphetamine with intent to distribute in violation of Title 21, United States Code, Sections 841(a)(1),(b)(1)(A) in the Northern District of California. Therefore, I respectfully request that the Court issue a

---

[3] Law enforcement officers identified the room as ALVAREZ's bedroom based on the fact that they used one of the keys found during his arrest to unlock the door, and in the room officers found a black wallet with ALVAREZ's school identification card.

TURSI AFF. IN SUPPORT OF CRIMINAL COMP.
[UNDER SEAL]

6

criminal complaint and an arrest warrant for Alejandro ALVAREZ.

I swear under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*Michael Tursi*
MICHAEL TURSI
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on January 22, 2020.

*[signature]*
HONORABLE SALLIE KIM
United States Magistrate Judge