STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JOSEPH TARTAKOVSKY (CABN 282223)
ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7320
    Fax: (415) 436-7234
    Joseph.Tartakovsky@usdoj.gov
    Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:20-CR-00086-WHO-1 |
| Plaintiff, | **CORRECTED MOTION IN LIMINE NO. 1 FOR EXCLUSION OF INFORMATION RELATED TO CONFIDENTIAL INFORMANT**[1] |
| v. | |
| ALEJANDRO ALVAREZ, | Pretrial Conf.: December 20, 2021, 2 p.m. |
| Defendant. | Trial: January 10, 2022 |
| | Court: Hon. William H. Orrick |

## I.     INTRODUCTION

    Defendant Alejandro Alvarez is charged with a single count of possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). Dkt. 14. In June 2020, Mr. Alvarez moved for disclosure of information about a confidential informant ("CI") who had been in contact with him, Alvarez, to arrange controlled heroin buys that remain uncharged. This Court denied defendant's motion, agreeing with the

---

[1] A single sentence has been amended in this corrected version, specifically the last sentence of the first full paragraph on the second page. It previously read: "The CI went to the specified location and met with "Chewy" (once) or an unknown male (the other two times), who handed the CI the drugs."

government that Alvarez had not met his burden to show that information concerning the CI was relevant to his defense. The "information" that the CI provided, the Court explained, "merely led officers to initiate an independent investigation," Dkt. 41 at 1—a new investigation that led to the discovery of Alvarez's methamphetamine operation. The CI was not involved in *that* investigation. The government now moves *in limine* to exclude at trial the CI's identity and information related to the CI. *See, e.g.,* Dkt. 41 at 13-14. The CI remains irrelevant to this prosecution and to any defense against it.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In late 2017, the San Francisco Police Department and the U.S. Drug Enforcement Agency began investigating a suspected drug seller named "Chewy"—later determined to Mr. Alvarez—after an informant told investigators that he or she had bought drugs from "Chewy." Dkt. 1 (Compl.) ¶ 11. Between August and October 2017, the CI conducted three controlled buys involving Chewy. *Id.* ¶ 12. In each instance, at the direction of and in the presence of investigators, the CI called a number associated with "Chewy" to arrange the heroin buy. *Id.* "Chewy" agreed to sell heroin to the CI and gave instructions as to where to pick up the drugs. *Id.* The CI went to the specified location and met with an unknown male, who handed the CI the drugs. *Id.*

Around October 18, 2017, SFPD began receiving geographic location or "ping" data for the phone associated with Chewy, pursuant to a state search warrant. Compl. ¶ 13. This location data, in conjunction with physical surveillance, led authorities to 1253 Sanchez Street in San Francisco. *Id.* ¶ 13-14. A search warrant was executed there and Alvarez was arrested outside of the apartment. Law enforcement recovered two keys from Alvarez. One key opened the apartment's front door; the other opened a locked bedroom within the apartment. Inside of the locked bedroom, officers found some 60 pounds of methamphetamine, about two pounds of heroin, a smaller amount of cocaine, and approximately $46,000. *Id.* ¶ 15-16.

On January 22, 2020, the federal government filed a complaint, charging Alvarez with the instant methamphetamine offense. Dkt. 1. On February 20, 2020, a grand jury returned an indictment for the same offense. Dkt. 14. On June 18, 2020, Alvarez moved to disclose the confidential informant. Dkt. 28. On August 13, 2020, this Court denied that motion. Dkt. 41 at 14.

### III. ARGUMENT

Information related to the CI should be excluded for two independent reasons. First, Alvarez still cannot meet his burden to overcome the privilege against disclosure. The CI is irrelevant to any plausible defense at trial. Second, even aside from the privilege, the CI is not relevant under the Rules of Evidence and bringing the CI into the case would waste time and confuse the jury.

### A. Alvarez cannot meet the standard to overcome the privilege against disclosure

The government has a "privilege" against disclosing information about an informant unless his or her "identity, or of the contents of his [or her] communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). The inquiry is fact-specific and the Ninth Circuit examines three factors in particular: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990).

As to the first factor, the CI was essentially *uninvolved* in any facts bearing on the count charged. Indeed, in respects, the CI is really not an "informant" at all. He or she provided no information about the charged offense. The CI was not present at the search. The CI was only involved in controlled heroin buys—buys that led, later on, after a new and different investigation, to the methamphetamine charge. There is no information in the discovery that suggests that CI even knew Alvarez's true identity. The CI simply knew that he or she was interacting with a dealer using the pseudonym "Chewy."

Second, as to the relationship between the defendant's asserted defense and the likely testimony of the CI, the government is unaware of any defense that would be supported by testimony from the CI. The government does not intend to call the CI. Nor is the government aware that the CI knows any fact relevant to the charged offense, except the fact that the person that the CI knew as "Chewy" sold drugs that included heroin and methamphetamine. The CI's testimony as to the heroin buys would be, if anything, inculpatory. The government has conferred with Alvarez's counsel about the defense theory. The CI, or information related to the CI, does not appear to be relevant to any defense theory.

The Court reached the essentially same conclusion about the CI's irrelevance, in August 2020, when the Court denied the Alvarez's motion to disclose:

> Although the CI's information seeded the investigation that eventually led to Alvarez's arrest, his/her involvement past that point was minimal and not necessary to the probable cause determination. The charges in this case stem not from the CI's information but rather from the drugs and drug paraphernalia found in Alvarez's suspected residence. The CI was not a percipient witness to the charged crimes, and the government does not intend to call him/her as a witness at trial.

Dkt. 41 at 14. The government submits that there is no reason to depart from that determination now.

Third, the government continues to have a compelling interest in non-disclosure: the government moves to keep the CI outside of the case principally to ensure the CI's safety (even though, as noted, possible CI testimony about Alvarez's heroin transactions would be, if anything, incriminating).

### B.  Information related to CI should be excluded under Rules 401 and 403

In the trial context, an additional reason supports exclusion: information related to the CI, given the government's anticipated case in chief and the defense's apparent defense, does not meet the threshold for relevance under Federal Rule of Evidence 401. (Unless, of course, the defense opened the door.) Similarly, such information would result in jury confusion and wasted time under Federal Rule of Evidence 403. As this Court previously ruled, the "charges in this case stem not from the CI's information but rather from the drugs and drug paraphernalia found in Alvarez's suspected residence. The CI was not a percipient witness to the charged crimes, and the government does not intend to call him/her as a witness at trial." Dkt. 41 at 14.

### IV.  CONCLUSION

The government respectfully asks the Court to exclude *in limine* information related to the CI, including as to the CI's identity and background, the CI's communications with officers, or the CI's participation in an earlier investigation—an investigation separate from the one that led to the charge now set for trial.

DATED:   December 6, 2021

　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　JOSEPH TARTAKOVSKY
　　　　　　　　　　　　　　　　　　　　ALEXIS JAMES
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys