STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
JOSEPH TARTAKOVSKY (CABN 282223)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    Fax: (415) 436-7234
    Alexis.James@usdoj.gov
    Joseph.Tartakovsky@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEJANDRO ALVAREZ,<br><br>    Defendant. | CASE NO. 3:20-CR-00086 WHO<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION [DKT. 114-1]**<br><br>Pretrial Conf: March 21, 2022 at 2:00 p.m.<br>Trial:        April 7, 2022 at 8:30 a.m.<br>Court:      William H. Orrick |

      By motion dated January 31, 2022, Mr. Alvarez made several requests for "access" to various documents or items of evidence. Dkt. 114-1. The Court directed the government to respond. Dkt. 118.

      Mr. Alvarez requests the unredacted "disciplinary record" of Sergeant Michael Tursi. The redacted record, to the extent required by *Brady*, *Giglio*, and the Jencks Act, 18 U.S.C. § 3500, and Federal Rules of Criminal Procedure 16 and 26.2, was provided to Mr. Alvarez for his review on December 23, 2021, during a visit to 450 Golden Gate Avenue. The government, per the Court's order, Dkt. 118, will lodge the redacted and unredacted versions of materials regarding Officer Tursi with the

Court for its review.[1]

Mr. Alvarez requests "official clarification" regarding the "absence of the chain of evidence." The government has represented to Mr. Alvarez and his counsel, numerous times, that it can establish chain of custody for drug and other evidence and intends to do so at trial. The government has produced documentary evidence establishing chain of custody and will present testimony of the fact at trial.

Mr. Alvarez requests that "everything" that he says in Court, and "answers" to his motions, be "written" in the "record or transcripts." The government's filings are publicly available on the ECF system and the government can send hard copies to Mr. Alvarez if his stand-by counsel, Mr. John Jordan, is unable to do so. The government expects that all Court proceedings will be reported.

Mr. Alvarez requests "original discovery in color." The discovery, including discovery with color documents, was produced to his former counsel (multiple times) in their original electronic format. The government will direct its paralegal to prepare a fresh set of discovery, including all color documents, printed out, and mail those materials to Mr. Alvarez at Santa Rita Jail.

Mr. Alvarez requests "disciplinary records" for San Francisco Police Department Sergeant Moody and Officer Elmore. The government does not believe that Mr. Alvarez is entitled to such records. The government does not intend to call either officer at trial. They were not part of the search of Mr. Alvarez's home at 1253 Sanchez Street or involved in his arrest. Mr. Alvarez has not articulated their relevance to any defense he may present at trial.

Mr. Alvarez requests the "results of the suit in internal affairs presented by a public servant against Officer Michael Tursi." The government does not know what this refers to. The government has produced materials related to Sergeant Tursi as required by *Brady*, *Giglio*, and the Jencks Act, 18 U.S.C. § 3500, and Federal Rules of Criminal Procedure 16 and 26.2. and will continue to do so as materials become available.

Mr. Alvarez requests "criminal cases for Officer Tursi similar to THIS ONE in which he was defeated at trial." The government does not believe that it has an obligation to search out such materials.

---

[1] Some of the materials received by the government featured redactions by the submitting agency. The government will lodge with the Court the materials as received by the government.

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
3:20-CR-00086 WHO

2

1   Mr. Alvarez requests "access to see the physical evidence against me." The government will facilitate an in-person review of the physical evidence in the case, in coordination with the U.S. Marshals Service, and in accordance with the Court's minute order dated January 3, 2022, Dkt. 110. The government will reach out to Mr. Alvarez through stand-by counsel to set a date for such review.

Mr. Alvarez requests the "disciplinary record for Assistant District Attorney Kara Lacy." The government is not in possession of such materials, if they exist. Furthermore, the Mr. Alvarez is not entitled to such information nor is such information relevant to this trial.

DATED: February 11, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

__/s/_____
ALEXIS JAMES
JOSEPH TARTAKOVSKY
Assistant United States Attorneys

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
3:20-CR-00086 WHO

3