ALEJANDRO ALVAREZ
Appearing Pro-Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ALEJANDRO ALVAREZ, <br> Defendant | No. CR-20-0086-WHO <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> Date:  September 8, 2022 <br> Time:  1:30 p.m. <br> HON. WILLIAM H. ORRICK |

**INTRODUCTION**

The defendant, proceeding pro-se, files this sentencing memorandum. The defendant has dictated the substance of this memorandum, through a court-appointed interpreter, to his stand-by counsel in a video conference on August 27, 2022, and requested the same to electronically file this motion. The defendant has informed standby counsel that he wishes to proceed with the sentencing hearing currently set for September 8, 2022.

**FACTUAL AND PROCEDURAL BACKGROUND**

By indictment filed on February 20, 2020, the defendant was charged with possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii).

Alvarez Sentencing Memorandum                    1

On April 9, 2022, the defendant's jury trial on this charge commenced. The jury returned a guilty verdict as charged on April 14, 2022.

The defendant orally moved for a trial order of dismissal under Federal Rule 29 at the close of the government's case and after the defense rested. The Court denied the motion.

A pre-sentence report (PSR) has been prepared by the U.S. Probation Department and reviewed by the defendant, through the assistance of a court-appointed interpreter and standby counsel.

The final PSR has determined that the defendant's final offense level is 38, criminal history I, resulting in a Guidelines sentencing range of 235 months to 293 months. The statutory sentencing range is 10 years to life. The probation officer recommends a variant sentence of 135 months.

The defendant informs the Court that he has two outstanding objections to the PSR.

In addition, the defendant contends that he is entitled to the application of the "safety valve" provisions of U.S.C.G. § 5C1.2, based on his prior statements regarding this offense to San Francisco law enforcement.

**ARGUMENT**

**I.    This Court Should Grant Defendant's PSR Objections**

The defendant has two outstanding objections to the PSR.

One, the defendant objects to the inclusion of the 34.194 grams of cocaine in the offense level calculations, as he was indicted for a methamphetamine offense and the government did not prove at trial that he possessed with intent to distribute any cocaine. It is his contention that there was no evidence presented at trial that established that the cocaine was possessed with the intent to distribute.

Two, the defendant objects to the inclusion of the two arrests in paragraphs 29 and 30 in the "Other Criminal Conduct" section. These arrests did not result in any criminal convictions and the defendant contends that their inclusion is prejudicial.

**2.     The Court Should Apply the "Safety Valve"**

In addition, the defendant contends that he is entitled to the application of the "safety valve" provisions of U.S.C.G. § 5C1.2, in that (1) he has only 1 criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) the defendant made a prior statement to the San Francisco Police Department, Internal Affairs.

The only issue regarding the application of the safety valve is the statement requirement. As the Court may recall, the defendant made a formal complaint to the San Francisco Police Department following his arrest. The defendant contends that a San Francisco Investigating Agency conducted a formal review, and interviewed both him and Officer Tursi. The government supplied to the defense Officer Tursi's DPA deposition. Alvarez contends he was also interviewed by the San Francisco authorities and gave a full statement to them, which he contends qualifies him for application of the safety valve.

As the Court is aware, 18 U.S.C. § 3553(f) allows the court to sentence a defendant without regard to an otherwise applicable mandatory minimum term of imprisonment for drug-trafficking offenses if the defendant satisfies the five criteria in the statute. A corresponding guidelines provision is U.S.C.G. § 5C1.2. In addition, section 2D1.1(b)(17) provides for a 2-level decrease in the offense level for defendants who satisfy the safety valve criteria, regardless whether they are subject to a mandatory minimum.

Alvarez contends he has only 1 criminal history point; he did not use violence or possess a weapon; the offense did not result in death or serious bodily injury to anyone; he was not an organizer, leader, manager, or supervisor of others in the offense; and he made a prior statement to the San Francisco Police Department, Internal Affairs. He contends that these circumstances qualify him for application of the safety valve.

Alvarez Sentencing Memorandum            3

**CONCLUSION**

The defendant asks this Court to first grant his motion to apply the safety valve, and then order an updated PSR, allowing the defendant a brief continuance to draft a final sentencing memorandum.

DATED: September 1, 2022.              Respectfully submitted,


                                       */s/ John J. Jordan*
                                       JOHN J. JORDAN